122 N.J. Super. 340 (1973)
300 A.2d 356
STEPHEN VITTORIA, AN INFANT BY HIS GUARDIAN AD LITEM, PASQUALE VITTORIA, PLAINTIFFS-APPELLANTS,
v.
WEST ORANGE BOARD OF EDUCATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1973.
Decided February 6, 1973.
Before Judges CARTON, MINTZ and LARNER.
Mr. Bernard A. Kuttner argued the cause for plaintiffs.
Mr. Samuel A. Christiano argued the cause for defendant.
*341 PER CURIAM.
The board of education of the school district of West Orange has called an election to be held on February 13, 1973 at which there is to be elected one member of the school board. On November 17 last year plaintiff, who became 16 years of age in January 1973, and who is a member of the sophomore class in Mountain High School in the school district, sought to file with the board a petition to run as a candidate in that election. The secretary of the board rejected the petition because of his age. The Law Division upheld that determination and plaintiff appealed to this court. We accelerated consideration of the appeal because of its emergent nature.
Plaintiff's position is that he has fulfilled all of the requirements of N.J.S.A. 18A-12-1, and is legally entitled to be a candidate. That section provides:
Each member of any board of education shall be a citizen and resident of the district, or of such constituent district of a consolidated or regional district as may be required by law, and shall have been such for at least two years immediately preceding his appointment or election, and he shall be able to read and write.
Plaintiff's argument is that since he is a citizen and resident of the district possessing the ability to read and write, and since there is no provision for a minimum age qualification for candidates, none can be enforced.
We view this argument as unsound. Pursued to its logical conclusion an infant of seven years residing in the district and meeting the literacy requirements of the statute could serve on a school board. The Legislature could not have contemplated such an absurd result so clearly contrary to the public interest.
We believe the Legislature intended that one not old enough to vote should not be qualified to occupy the office of board member. Such a conclusion is grounded in common sense. See In re Ray, 26 N.J. Misc. 56, 56 A.2d 761, 762 (Cir. Ct. 1947). We need not consider the applicability of N.J.S.A. 10:1-1 which relates to civil rights.
*342 In view of our conclusion we need not consider the board's further argument that plaintiff is also barred from being a candidate because of a conflict of interest.
Affirmed.